**FILED**
**Jan 30, 2025**
**02:19 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jackey Winfrey | ) Docket No. 2024-50-4684 |
| | ) |
| v. | ) State File No. 94898-2023 |
| | ) |
| McMinnville Tool and Die, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Certified as Final

---

This compensation appeal arises from the trial court's dismissal of the employee's claim for benefits. The employee alleged he suffered multiple injuries when he fell several feet at work while repairing a garage door. The employer provided medical treatment and temporary disability benefits; however, the employee continuously expressed dissatisfaction with his authorized physicians and frequently failed to attend appointments. The employer filed a motion to dismiss based in part on the missed appointments and the employee's conduct throughout the litigation, including inappropriate, often profane, and occasionally threatening language in communications directed to the employer's attorney, the court clerk, the trial court, and other individuals involved with the case. The employee also failed to appear for his deposition despite a court order to do so. As a result, the trial court granted the employer's motion and dismissed the case, and the employee has appealed. After careful review of the record, we affirm the trial court's decision to dismiss the employee's case and certify the trial court's order as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Jackey Winfrey, McMinnville, Tennessee, employee-appellant, pro se

D. Brett Burrow, Nashville, Tennessee, for the employer-appellee, McMinnville Tool and Die, Inc.

**Memorandum Opinion[1]**

Jackey Winfrey ("Employee") alleges he sustained multiple injuries on December 23, 2023, while working for McMinnville Tool and Die, Inc. ("Employer"). According to Employee's initial petition for benefit determination ("PBD"), he fell several feet from a forklift basket while repairing a garage door. It is not apparent from the record what medical care, if any, was initially provided by Employer, but Employee filed a PBD through an attorney in February 2024 seeking psychiatric treatment. Shortly thereafter, in May 2024, that attorney sought to withdraw from the case. Employee objected to his attorney's withdrawal, informing the court that he had sought medical care from his own physician after Employer provided a panel, which was against his attorney's advice.

The trial court granted the motion to withdraw in June 2024, citing Tennessee Supreme Court Rule 8, Rules of Professional Conduct Rule 1.16(6), which allows withdrawal if the representation "has been rendered unreasonably difficult by the client." That order was not appealed. The following month, Employer filed a motion for non-compliance and sanctions, to which it attached numerous emails from Employee to Employer's counsel and the Bureau mediator assigned to the case, as well as text messages from Employee to the nurse case manager. Many of these emails and messages contained inappropriate language, were laced with profanity, and/or referenced vulgar acts of a sexual nature. On July 10, 2024, the trial court issued an Order of Voluntary Dismissal, stating Employee had said something to the effect of "I quit, they win" during a scheduling conference. Employee had also sent two emails to the court clerk asking for the case to be "over." The trial court considered these statements to be a motion for voluntary dismissal and granted it, dismissing the case without prejudice pursuant to Tennessee Rule of Civil Procedure 41.01. That order also was not appealed.

On July 12, 2024, Employee filed a new PBD, this time indicating he had hurt his "ribs, lung, head, brain, neck, and spin[e] nerve" in the same work accident listed in his original PBD. On August 20, Employer filed another motion for sanctions, again attaching numerous emails from Employee containing profanity and sexually explicit language. The motion indicated Employee emailed Employer's counsel several times a day, as well as called counsel's office frequently. The following week, the court issued an order directing Employee to stop his harassment of Employer's counsel, stating:

> [Employee] is therefore ordered to stop sending multiple or unnecessary emails to Bureau personnel, the offices of the attorney for [Employer], representatives of the insurance carrier, or any other person or entity involved in administering his claim. He shall also refrain from using profane,

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

threatening, or objectionable language when communicating with these persons and entities.

If [Employee] fails to follow these behavioral rules, the Court may refer him for payment of penalties under Tennessee Code Annotated sections 50-6-118(7) and 29-9-102. Additional violations of this order may lead to more severe sanctions, including dismissal of his claim.

After the trial court issued that order, Employee filed a request for expedited hearing. He failed to file any type of affidavit or Rule 72 declaration with the request, as required by applicable rules, and the court issued an order for him to do so if he intended to seek benefits. Employee filed a sworn statement in September 2024, but the trial court was unable to make a ruling as neither the request for hearing nor the statement included specifically what benefits Employee sought. Meanwhile, Employer was attempting to schedule the deposition of Employee. Given the nature of past communications, as well as Employee's indications he would not attend a deposition, Employer wanted the deposition to take place in a building with security and a metal detector and filed a motion with the court in that regard.[2] The court issued an order on October 2 for the deposition to take place at the Rutherford County courthouse on October 10, 2024.

Following that order, Employee filed a flurry of pleadings and other communications with the trial court. First, he filed a document entitled "Motion Main Frame" on October 2, asking the trial court to "let him die in peace" and stating he "wish[ed] [he] would have got kill [sic] instead of going [sic] this nonsense," but he failed to include a clear request for any specific action by the trial court. The following day, Employee filed a Rule 72 declaration with the court that stated he had not ever filed a lawsuit against Employer. On October 7, he emailed the court clerk stating he did not want his case dismissed and also filed a motion to postpone the deposition as his truck battery was dead. On October 10, Employee did not appear for his deposition despite Employer's agreement to provide transportation. Employee filed a motion on that same date stating he would be pressing criminal charges against Employer's counsel if counsel contacted him again. The motion also sought "compensation" for Employer's counsel's actions. Despite this request, Employee continued to communicate with Employer's counsel during this time period, and following his initial authorized appointment with Dr. Jeffrey Hazlewood, a pain management specialist, advised Employer's counsel he would not return to Dr. Hazlewood and would not attend any of the diagnostic testing that Dr. Hazlewood had ordered. These communications, like those in the past, included profanity and sexually explicit language as well as allegations of an inappropriate relationship between the trial

---

[2] Further complicating matters was a standing protective order preventing Employee from any interaction with the Warren County Court Clerk's office or Judge Larry B. Stanley "except in the case of legitimate court business."

court and Employer's counsel. One of Employee's communications referenced the recent murder of a federal judge.

Employer filed a motion on October 16 asking the court to dismiss Employee's case due to his failure to appear at his court-ordered deposition and his statements that he would not accept any further treatment from the authorized physician. In the alternative, Employer asked for sanctions for noncompliance with medical treatment and an order for Employee to include Employer's counsel on all filings with the trial court. Employee responded with a motion indicating he was still in treatment and asking that his case not be dismissed. The court notified all parties of a telephonic hearing to address Employer's motion set for October 31.

Employee then filed a motion on October 25 asking that the hearing be postponed because his phone battery no longer worked. Employer's counsel responded with an affidavit stating his office had received two voicemails from Employee on that very day, and that Employee had continued to send emails, this time indicating he "prayed" Employer's counsel would be "killed on the way home." The court conducted the telephonic hearing, and Employee called in. According to the court's order, he declared, "Jackey Winfrey never filed a lawsuit against McMinnville Tool and Die," and then hung up the phone. The trial court issued an order on November 4, 2024 dismissing Employee's case with prejudice due to his failure to cooperate in discovery and his repeated violations of its August 27, 2024 order regarding communications with counsel and the court. Employee has appealed.

Employee stated in his notice of appeal: "This has got out of hand, I did [sic] was went out of work and got hurt and it has turn [sic] out that everything after the accident not about the heali[ng] of myself but money." Employee did not, however, file a brief. As such, he has not provided any factual or legal issues for our review or any legal explanation as to how he believed the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

As we have said previously, both employers *and* employees have rights and obligations with respect to the provision of medical benefits under Tennessee Code Annotated section 50-6-204(a)(1). *See, e.g.*, *Acevedo v. Crown Paving*, No. 2021-06-1453, 2023 TN Wrk. Comp. App. Bd. LEXIS 7, at *8-9 (Tenn. Workers' Comp. App. Bd. Jan. 27, 2023). Furthermore, we have cautioned that "[a]busive conduct may hinder the provision of authorized medical care." *LeMaire v. Lowe's Home Centers, LLC*, No. 2021-05-0969, 2024 TN Wrk. Comp. App. Bd. LEXIS 48, at *11 n.2 (Tenn. Workers' Comp.

App. Bd. Dec. 27, 2024). Employee repeatedly refused to cooperate in discovery or with his authorized medical providers and continuously threatened and harassed various individuals involved in this case in violation of previous orders of the court. The court warned Employee that dismissal of his case was a potential outcome if he continued to engage in such behaviors. Rule 37 of the Tennessee Rules of Civil Procedure expressly authorizes a trial judge to dismiss an action when the petitioner violates a discovery order. As explained by the Tennessee Court of Appeals, when a trial court exercises its discretion to dismiss a case for a Rule 37 discovery violation, "its decision will be disturbed on appeal only upon a finding of abuse of that discretion." *Shahrdar v. Global Housing, Inc.*, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998). We conclude there was no abuse of discretion in this case.

In the absence of any meaningful legal argument explaining how the trial court erred in dismissing Employee's case, and in light of his abusive conduct and refusal to cooperate at any stage of the process, we are unable to discern any basis on which we could conclude that the trial court erred. Employee has failed to identify reviewable issues on appeal, he has failed to provide a legal argument to support his assertions, and he has continued his abusive conduct despite having his case dismissed due in large part to this conduct. The preponderance of the evidence supports the trial court's decision.

For these reasons, the trial court's decision is affirmed, and the court's order is certified as final. Costs on appeal have been waived.


| Jackey Winfrey | ) | Docket No. 2024-50-4684 |
| | ) | |
| v. | ) | State File No. 94898-2023 |
| | ) | |
| McMinnville Tool and Die, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of January, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|------|------|------|------|------|
| Jackey Winfrey | | | | X | jwinfrey537@gmail.com |
| Brett Burrow | | | | X | bburrow@burrowlee.com tbrasher@burrowlee.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov